**SIGNED THIS: November 21, 2005**

                                              _____
                                              **MARY P. GORMAN**
                                              **UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                         )
                              )    In Bankruptcy
ANNIE LEE CLAY,               )
                              )    Case No. 04-70782
          Debtor.             )
```

## O P I N I O N

This case comes on upon the Application for Compensation filed by the Debtor's attorney, Alan D. Bourey, on July 27, 2005. The Application seeks to have fees assessed against Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Co. of Illinois ("Beneficial") for the legal services performed by Mr. Bourey in representing Annie Lee Clay ("Debtor") in an appeal of an order holding Beneficial and its attorneys, Larson & Nierling, in contempt for violation of the discharge injunction. This Court has

-1-

considered the Application and the briefs of both parties submitted on the issue of whether this Court may assess such fees against Beneficial.  Although the Court concludes that all of the equities in this case favor the Debtor, the Court must also conclude that the law supports the position of Beneficial.  Accordingly, for the reasons set forth below, an order will be entered denying the Application.

The facts in this case are not generally in dispute and have been set forth in prior opinions of both this Court's predecessor and of the District Court.  The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 24, 2004.  On her schedules, she listed her indebtedness to Beneficial, and Beneficial received notice of the filing at the address listed on the paperwork which the Debtor had received at the time the loan was made.  Representatives of Beneficial engaged in written correspondence and telephone communications with the debtor's attorney and his office staff throughout the course of the proceedings regarding whether the Debtor intended to reaffirm her debt to Beneficial.  No reaffirmation agreement was ever signed by the Debtor with Beneficial.  The Debtor received a discharge on June 7, 2004, and Beneficial received notice of the entry of the discharge order.

On August 25, 2004, Beneficial filed a state court foreclosure action against the Debtor which sought not only to foreclose upon

Beneficial's mortgage lien on her real estate, but also sought a personal deficiency against the Debtor.  In response, on September 16, 2004, the Debtor filed a Motion to Reopen her case for the purpose of filing a Motion for Adjudication of Civil Contempt against Beneficial.  Beneficial's attorneys in the foreclosure action, Larson & Nierling, receive notice of the Motion to Reopen.  The case was reopened and the Motion for Adjudication of Contempt was filed and served on Beneficial's foreclosure attorneys.  The response of those attorneys was to offer to amend the foreclosure pleadings in exchange for the withdrawal of the Debtor's request for fees.  When that offer was rejected, Beneficial filed a Motion contesting whether the Motion for Adjudication was properly served on Beneficial.

After the filing of briefs, an Order was entered finding that Beneficial had not been properly served, and the Order further granted the Debtor leave to effectuate proper service.  After proper service was obtained, a hearing was set for January 10, 2005, on the Motion for Adjudication of Contempt.  The Debtor and her attorney appeared and were ready to proceed.  Beneficial appeared by local counsel who was unprepared and requested a continuance.  The matter was reset for February 3, 2005.  New local counsel appeared for Beneficial on the continued date and the matter was heard.  The Debtor presented evidence of the personal judgment being sought against her by Beneficial and the fact that

Beneficial had notice of her bankruptcy filing. The Debtor presented evidence of the fees she had incurred. Beneficial presented no evidence. Beneficial argued to the Court that attorney fees should not be awarded because simply one phone call to Beneficial's attorneys would have resolved the matter.

While these proceedings were pending in Bankruptcy Court, Beneficial filed a Motion to Amend its state court foreclosure pleadings. The Motion to Amend was filed October 7, 2004, but was not scheduled to be heard until January, 2005. The proposed amendment did not delete the request for a deficiency judgment but changed the language of the pleadings to seek a deficiency judgment against the Debtor only to the extent her obligation to Beneficial had not been discharged in the prior bankruptcy proceeding.

This Court's predecessor issued an Opinion and entered an Order on March 1, 2005, finding Beneficial and its attorneys, Larson & Nierling, in civil contempt and assessing fees of $1,650 jointly and severally against Beneficial and its attorneys. A timely notice of appeal was filed by Beneficial with the District Court. On June 23, 2005, the District Court affirmed the finding of civil contempt and the assessment of fees against Beneficial. The District Court reversed and remanded as to Larson & Nierling by reason of the fact that such attorneys were not given notice that the sanctions would be sought against them directly. Inasmuch as Beneficial had already paid the original fee award, no further

proceedings were had against their attorneys with respect to that award. Mr. Bourey did, however, file an Application for an additional award of fees based upon the time expended in defending the appeal in the District Court. It is that Application which is now before the Court.

The legal issue before this Court is whether there is any authority to award fees for appellate work to the Debtor's attorney. Generally, awards of appellate fees for successful litigants are governed by the provisions of Federal Rule of Bankruptcy Procedure 8020, which provides as follows:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Here, it is undisputed that the Debtor's attorney did not file a motion with the District Court seeking fees. Accordingly, the District Court did not consider any such fee request.[1] Rule 8020

---

[1] Beneficial has argued to this Court that the District Court's Opinion can somehow be read to constitute a denial of fees for the Debtor's attorney. That is simply not accurate. The District Court's Opinion is silent on the issue. Apparently, the Debtor placed a request for attorney fees in her Brief before the District Court. That was not the correct manner by which to present a fee request to the District Court. As discussed above, the proper method for seeking fees is by motion, as articulated in Bankruptcy Rule 8020. This was not done. Beneficial's argument that the District Court found that the appeal was not frivolous is also not supported by the record. The District Court made no such finding because the issue was not properly raised. The District Court did, however, use the phrase "rather incredibly" to describe

does not provide authority for courts other than District Courts or Bankruptcy Appellate Panels to award fees and, accordingly, provides no basis for this Court to act on a fee application for services performed on appeal.

Debtor's counsel has argued that the additional fees can be awarded pursuant to the original finding of contempt. This Court disagrees. Although it is clear that this Court can punish contempt and that the original findings of contempt against Beneficial have been affirmed, this Court does not find that Beneficial's appeal of the prior contempt order constituted further contempt which would be punishable by further sanctions. Additionally, there was no general remand of the case by the District Court which would have allowed this Court to review the original order and to modify it at the request of either party. The contempt order against Beneficial was affirmed. The remand was limited to the issue of whether proper notice of the intent to assess sanctions against Larson & Nierling had been provided to that law firm. Inasmuch as the judgment against the attorneys was joint and several with the judgment against Beneficial, and inasmuch as Beneficial had already paid the entire judgment by the time of remand, the issue of notice was moot and no further

---

Beneficial's continuation of an argument, and the phrase "simply wrong" to depict another argument made by Beneficial in its Brief. Beneficial is, perhaps, fortunate that the proper motion was not filed by the Debtor before the District Court.

-6-

proceedings were warranted.  The District Court's decision did not provide either party with an opportunity to re-litigate the original contempt issues involving Beneficial before this Court.

Because there is no authority to award the Debtor's attorney further fees, this Court cannot do so and must deny the Application.  Nothing in this Opinion should be construed, however, as condoning the conduct of Beneficial or its attorneys.  The behavior of Beneficial and its attorneys is a primer on how <u>not</u> to handle these types of cases.  Beneficial failed to have a system in place to flag this case so that a personal deficiency would not be sought after discharge.  When its attorneys received information about the bankruptcy, instead of simply and quickly remedying the situation to stop all attorney fees from running, they challenged service and bartered their willingness to amend the state court complaint for a waiver of the fees.  When the attorneys finally amended the state court complaint, instead of merely striking the request for a deficiency because they knew by then that the Debtor had received her discharge, they amended the complaint using ambiguous language which included a request for a deficiency "except to the extent discharged", which still required the Debtor to appear and raise her discharge as a complete defense.

For the reasons enumerated above, the Application for Compensation filed by the Debtor's attorney is denied solely on the basis that there is no authority to grant the debtor further relief

at this time.

    This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

    See written Order.

###